Brennan, J.
This matter came before the Appellate Division of the District Court pursuant to Rule 8C of the District/Municipal Court Rules for Appellate Division Appeal based upon the record of the proceedings. The sole issue before the court is whether the court’s allowance of the defendant’s motion to amend his answer by adding the defense of novation so prejudiced the plaintiff that the allowance should be reversed.
The facts necessary for consideration of this issue are as follows:
On or about September 26,1989, Bailey-Wagner, Inc. (hereinafter, the plaintiff-appellant) entered into an “asset purchase agreement” with Jeffrey T. St. John (hereinafter, individual defendant-appellee) for the sale of a retail furniture store. This agreement lists the seller as plaintiff-appellant and buyers as “Vance Boyd and Samuel Boyd, individually, and Jeffrey St. John, or his nominee. ...’’Thereafter, on or about October 1,1989, the individual defendant-appellee formed a corporation named J.T. St. John Corporation (hereinafter, corporate defendant-appellee). On or about June 15, 1995 plaintiff-appellant filed a complaint in the Springfield *124 District Court for breach of contract. Count I of the complaint sought damages against corporate defendant-appellee for $7,081.46 plus interest. Count II sought damages against individual defendant-appellee in the amount of $24,582.08 plus interest. On or about July 6,1995 the individual and corporate defendants-appel-lees filed a joint answer, pleading, among other affirmative defenses, estoppel. On August 30,1995 the defendants-appellees filed answers to plaintiff-appellant’s interrogatories. On or about December 8, 1995, plaintiff-appellant’s motion for summary judgment was allowed against the corporate defendant. Damages were awarded in the amount of $7,081.46 plus interest and costs. In December of 1995, plaintiff-appellant became aware that there was to be sale of all the assets of the corporate defendant for the benefit of creditors. Plaintiff-appellant filed an assent to the assignment for the benefit of creditors in the amount of the judgment. Thereafter, Count II of plaintiff-appellant’s complaint was assigned for trial. At this time individual defendant-appellee was represented by new counsel, who filed a motion to amend answer to complaint, thereby adding a seventh affirmative defense, asserting that a novation had occurred between the individual defendant and the corporate defendant, releasing the individual defendant from any obligations under Count II of the complaint. The individual defendant-appellee also filed a motion for summary judgment.
On or about December 3,1996, the court entered an order denying the individual defendant-appellee’s motion for summary judgment and allowing the individual defendant/appellee’s motion to amend answer to the complaint by adding the new affirmative defense of novation.
Plaintiff-appellant appealed, stating that the allowance of the motion effectively allows the individual defendant-appellee to shift the liability away from himself and onto the corporate defendant-appellee, which is no longer a functioning business, having disposed of all of its assets. Plaintiff asserts that it may be unable to collect on any judgment against corporate defendant.
M.G.L. Ch. 231, Sec. 51, provides that
In all civil proceedings, the court may, at any time, allow amendments adding a party, discontinuing as to a party or changing the form of the action, and may allow any other amendment in matter of-form or substance in any process, pleading, or proceeding, which may enable the plaintiff to sustain the action for the cause or for recovery for the injury for which the action was intended to be brought, or enable the defendant to make a legal defense. Any amendment allowed pursuant lo this section or pursuant to the Massachusetts Rules of Civil Procedure shall relate to the original pleading
Rule 15 of the Massachusetts Rules of Civil Procedure provide, in part, that “... a party may amend his pleadings only by leave of Court... and leave shall be freely given when justice so requires.”
It appears that the arguments of both parties were presented to the Court prior to the Court’s allowance of the motion to amend the answer and that consideration was given to all arguments. The allowance of the motion adding the defense of novation the court did not allow a new theory of law, nor did the new theory of defense fail to relate to the original pleadings. All of the underlying issues relating to the relationship between the individual defendant-appellee and the corporate defendant-appellee, were apparently known to the plaintiff-appellant well before the allowance of the motion as evidenced by both defendants having been named in the original complaint. In addition, the original answer of the defendants raised the affirmative defense of estoppel.
Further, plaintiff-appellant’s argument that the allowance of the motion might preclude him from collection on a judgment is speculative.
*125 The Court’s allowance of the defendant’s motion to amend his answer and add the defense of novation was clearly within the discretion of the trial judge and there is nothing before this Court that would indicate that the trial judge abused his discretion.
Plaintiff-appellant’s appeal is dismissed.